[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15184
Non-Argument Calendar

_____

D. C. Docket No. 6:11-cr-00105-JA-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CASSANDRA NAVARRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 17, 2012)

Before JORDAN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Cassandra Navarro appeals her total 34-month sentence imposed after pleading guilty to (1) conspiring to commit access device fraud, 18 U.S.C. §§ 1029(a)(2), (b)(2), and 371; (2) using and trafficking of unauthorized access devices, 18 U.S.C. § 1029(a)(2); and (3) possessing 15 or more unauthorized access devices, 18 U.S.C. § 1029(a)(3).  On appeal, Navarro argues that her sentence was both procedurally and substantively unreasonable because the district court disproportionately focused on one of the 18 U.S.C. § 3553(a) factors -- the need to avoid unwarranted sentencing disparities -- to the exclusion of other relevant factors.  No reversible error has been shown; we affirm.

We review a final sentence for procedural and substantive reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008).  A sentence might be procedurally unreasonable if the district court fails to explain adequately the chosen sentence.  Id.  We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).  The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is

unreasonable in the light of both the record and the section 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).[*]

"The weight to be accorded any given [section] 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotations and alteration omitted). We will not reverse unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [section] 3553(a) factors." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc), cert. denied, 131 S.Ct. 1813 (2011). For example, we have written that the district court used an unreasonable approach to sentencing when it focused single-mindedly on one factor to the detriment of all other factors. United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006) (a sentence of five hours' imprisonment unreasonable when the district court focused only on the goal of restitution).

Navarro says her sentence is too long. Navarro, however,  has not shown that her 34-month sentence -- which was below the applicable guideline range of

---

[*] Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

3

37 to 46 months -- was procedurally or substantively unreasonable.  See Talley, 431 F.3d at 788  (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable": not too long).

At sentencing, the district court asked Navarro to comment on the proportionality of responsibility between Navarro and her two co-conspirators. And the sentencing court made these observations:

> You know, when there are many defendants in the same case  and the circumstances of each vary not just among the defendants based on their involvement in the offense but also on their own history and characteristics, it's impossible to come up with a scientific way of making sure that the sentences are proportional or that we avoid what we call unwarranted disparity.
>
> I work very hard trying to do that.  When these defendants appear before me, I've got a chart.  I know where every one is situated.

In addition to considering the need to avoid unwarranted sentencing disparity, the district court also expressly acknowledged that it had considered Navarro's arguments in favor of a probationary sentence: her lack of criminal history, her age, her limited role in the conspiracy, and her responsibilities as a single mother to a young son.  The court further discussed the section 3553(a) factors, including the seriousness of the offense, promoting respect for the law, and ensuring just punishment and adequate deterrence to criminal conduct.  The

4

court then concluded that a sentence below the applicable guideline range was appropriate based on the amount of loss, the extent of Navarro's involvement in the conspiracy, and the sentences imposed on Navarro's co-conspirators.  As a result, the record does not indicate that the district court unjustifiably relied on a single factor, such as a comparison to another defendant, in sentencing Navarro. See Irey, 612 F.3d at 1190.

In sum, we cannot say that the total 34-month below-range sentence failed to reflect the purposes of sentencing or that the district court committed "a clear error of judgment in weighing the [section] 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  See United States v. Pugh, 515 F.3d 1179, 1203 (11th Cir. 2008) (quotation and citation omitted).

AFFIRMED.